## ELLEN PORTER *v.* THE STATE.

**Judgment of a Circuit Court — When Reversed on the Facts.**

> The judgment of a Circuit Court will be reversed on the ground that the verdict is wrong when no error of law is complained of if the evidence is insufficient to support the verdict of the jury.[1]

Appellant, Ellen Porter, was indicted in the Circuit Court of Lee county, for murder for the killing of her infant. She

---

[1]
The question in such a case is not, is the verdict clearly right, but is it manifestly wrong? Waul *v.* Kirkman, 13 S. & M. 599; Prewett *v.* Coopwood, 30 Miss. 369; Drake *v.* Sarget, 36 Miss. 458.

was tried, convicted and sentenced to the penitentiary for life and appeals. The only error assigned is that the court erred in overruling the motion for a new trial because the facts were not sufficient to sustain the verdict.

On the trial there was proof that defendant had been delivered of a child, but the only witness as to whether the child was alive was one Alf Lagrone, who testified as follows: "I was at Mr. James Graham's house and went down to Lewis Porter's house, the father of defendant; I suppose the houses are about 150 yards apart. I did not go into the yard but went along the road and come to the south gate; there is an east gate and a south gate; the house in which Lewis lived had a chimney in the west and a door in the south; the garden is west of the house and the garden gate a little south of the house. When I stopped at the south gate I saw the defendant go into the garden and pick up a cane. Lewis, her father, said, 'Ellen what are you going to do?' She said nothing, defendant then walked out of the garden and between the garden and the chimney and Lewis started off toward the white folks' house. Ellen went to the back of the garden near the northeast corner and picked up something in her hands and I heard a noise like a small puppy. She raised the object above the cotton stalks and carried it in her hands

---

And the test is, is there evidence fairly to support the verdict? Guion *v.* Doherty, 43 Miss. 538.

If the jury upon questions of fact submitted to them find a verdict which is contrary to law and evidence the court will grant a new trial. Tunstall *v.* Walker, S. & M. 638.

But it will be granted where the evidence considered with reference to the issue submitted to the jury does not sustain the verdict. Otey *v.* McAfee, 38 Miss. 348.

A new trial will be granted where there is no evidence to sustain the verdict. Crocket *v.* Young, 1 S. & M. 241.

A case of circumstantial evidence, charge murder, in which the high court reviewed the evidence, and reached the conclusion that it was impossible to ascertain from the evidence, with any reasonable certainty, how deceased came to his death, or who was the guilty agent, and reversed the case. Caleb's Case, 39 Miss. 721.

A new trial will not be granted on the evidence alone, unless the verdict be opposed by a decided preponderance of evidence, or based on no evidence. Cicely's Case, 13 S. & M. 202; McMann's Case, 13 S. & M. 471.

And power to set aside on the ground that verdict is opposed by decided preponderance of evidence is exercised with great caution. McMann's Case, *supra.*

toward the west; I saw it; it looked dark; she looked toward where her father was going and tossed the object she had in her hands over about two cotton rows and I again heard a noise like a little puppy." Several witnesses testified that Alf Lagrone was unreliable and could not be believed. Defendant's motion for a new trial was overruled and she appeals.

APPEALED from Circuit Court of Lee county, J. W. BUCHANAN, Judge.

Reversed and remanded, January 28, 1884.

*Attorney for the State, T. C. Catchings, Attorney-General.*

*Attorney for Appellant, W. L. Clayton.*

Brief of W. L. Clayton:

This was an indictment in the Circuit Court of Lee county for murder, preferred against defendant, charging her with killing of her own infant. The only error assigned is because the Circuit Court erred in overruling the motion for a new trial, and this brings in question the sufficiency of the evidence to sustain the verdict. The case, so far as the fact of the *living child,* is concerned is, as I take it, wholly dependent upon the

This is especially so in cases of circumstantial evidence. Browning's Case, 33 Miss. 48.

While the trial judge should use great caution not to set his opinion against that of the jury, he should not hesitate to set aside any verdict not supported by evidence. Dobson *v.* State, 67 Miss. 330, 7 So. 327.

Reluctant as this court is to disturb a verdict upon the sole ground of the sufficiency of the evidence, where there is a palpable failure of proof to sustain the verdict, it will not be allowed to stand. Harris *v.* State, 71 Miss. 462, 14 So. 266.

A verdict will be set aside on consideration of the facts alone if they fail to sustain it. Monroe *v.* State, 71 Miss. 196, 13 So. 884; Harris *v.* State, 71 Miss. 462, 14 So. 266; Dobson *v.* State, 67 Miss. 330, 7 So. 327.

A conviction will not be disturbed merely because the jury might, without being censurable, have acquitted. Skinner *v.* State, 53 Miss. 399.

Where there is no error in the instructions this court will not disturb a verdict unless under the evidence it is clearly wrong, or except in a clear case of error, prejudice, or passion. Gamblin *v.* State, 45 Miss. 658.

The verdict of the jury will not be reversed, on account of its being contrary to the evidence, unless it most convincingly and indubitably appears to be so. King *v.* Rowan, 34 So. 325.

evidence of Alf Lagrone. I do insist that the evidence is insufficient to sustain the verdict. Proof must be made that the child was alive. The nearest approach to it is by Lagrone who says that he heard something make a noise like a young puppy when Ellen was carrying something to the west from the northeast corner of the garden, but the witness did not pretend to state that the noise proceeded from the direction of the defendant. Again, this witness told W. F. Cunningham that there was a puppy in the yard at the time. It seems to me to be a *judicial trifling with life* to condemn a party on such evidence. It was always required that the proof should show that the child was born alive, by clear and satisfactory evidence. Here, the only evidence we have is from an ignorant negro, who only saw something in the defendant's hands at some distance, and heard a noise like a young puppy, and who is shown by the evidence of two disinterested witnesses to have been unworthy of belief, and it is also shown by both the Cunninghams that the witness could not have seen what he said he did and from the place he said he was standing at the time. The testimony is short. I call the court's special attention to it.

Brief of T. C. Catchings, Attorney-General:

The case rests wholly upon the question as to the sufficiency of the testimony.

While there was some testimony tending to impeach Alfred Lagrone's, it was only by indirection, and his testimony is fully supported by the circumstances narrated by others.

If the child was not born alive, what made the noise heard by him? The woman certainly was delivered of a child, and certainly took it out into the yard to conceal it. There were pools of blood and the remains of the child to show this. We are bound to believe that Lagrone told the truth, and if so, the noise he heard must have been made by the child.

CAMPBELL, C. J., delivered the opinion of the court.

We are reluctant to reverse a judgment of the Circuit Court purely upon the ground that the verdict is wrong, where no error of law is complained of. That is the attitude of this case. The only error assigned is that the evidence is not sufficient to

support the verdict, and after the fullest consideration we are constrained to declare our concurrence in this view.

That the accused was delivered of a child and sought to conceal it is shown, but that the child was born alive is not satisfactorily shown. The only witness whose testimony relates to that fact is shown to be of bad reputation for truth and unworthy of belief, and his narrative is in itself highly improbable, as it appears to us. The act of the accused in trying to hide her shame is not suggestive that the child was born alive. She doubtless desired to conceal the fact of her condition.

Judgment reversed and new trial granted.